# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA, CDCR #K-73387,<br><br>                   Plaintiff,<br><br>vs.<br><br>DIRECTOR OF CDCR; RAFAEL DIAS, Warden; CLEMENTS OGBUEHY, Nurse Practitioner; TIMOTHY BYERS, Physician Assistant,<br><br>                   Defendants. | Civil No.    13cv0247 JLS (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE**<br><br>**[ECF Doc. No. 11]** |

## I. PROCEDURAL HISTORY

Plaintiff, a state prisoner currently incarcerated at California State Prison in Corcoran, California (CSP-COR), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 28, 2013.

In his Complaint, Plaintiff claims the Director of the California Department of Corrections and Rehabilitation (CDCR), and several California Substance Abuse Treatment Facility (SATF) officials, violated his rights to adequate medical care, access to the court, and to be free from cruel and unusual punishments during his incarceration there in 2011 and early 2012. (Compl. at 2-3.)

On February 20, 2013, the Court dismissed the action for two reasons. First, Plaintiff failed to prepay the civil filing fees required by 28 U.S.C. § 1914(a) and did not seek leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Feb. 20, 2013 Order [ECF Doc. No. 2] at 2, 3. Second, "while the Court would normally grant Plaintiff an opportunity to either submit the full filing fee or file a Motion to Proceed IFP, an initial review of the Complaint further reveal[ed] that [Plaintiff's] case lacks proper venue." *Id.* at 2. Specifically, the Court found that:

> [w]hile Plaintiff is currently incarcerated at CSP-COR, [...] he fails to allege a county of residence for any Defendant, [...] claims the substantial part of the events or omissions giving rise to his claims occurred while he was incarcerated at SATF in Corcoran, California, and the exhibits attached to his Complaint indicate Defendants Dias, Ogbuehy and Byers are CDCR officials employed at SATF.[1] (*See* Compl. at 2; Exs. [ECF No. 1-1] at 13, 14, 16, 23.) The City of Corcoran is located in Kings County, California. Therefore, venue is proper in the Eastern District of California, pursuant to 28 U.S.C. § 84(b), but not in the Southern District of California, pursuant to 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

Therefore, the Court dismissed the action sua sponte but without prejudice to Plaintiff's re-filing it in the proper district. *Id.* at 2-3 (citing 28 U.S.C. § 1914(a); 28 U.S.C. § 1406(a)).

However, on June 3, 2013, Plaintiff re-opened the case in *this* Court by filing a Motion to Proceed IFP [ECF Doc. No. 5], while providing no explanation as to why venue might lie in the Southern District of California.[2] Therefore, on June 26, 2013, the Court denied Plaintiff's Motion to Proceed IFP as moot, noted his case remained

---

[1] The only remaining Defendant is the "Director of the CDCR." (Compl. at 1.) The CDCR is headquartered in Sacramento, California. The City and County of Sacramento are also located in the Eastern District of California. *See* 28 U.S.C. § 84(b).

[2] While not altogether clear, it appears Plaintiff *may* have also attempted to bring his medical care claims before the Eastern District of California on June 10, 2013 by way of a petition for writ of habeas corpus seeking to subpoena medical records. *See Vera v. Gipson*, E.D. Cal. Civil Case No. 1:13-cv-00870 MJS (HC); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

dismissed for lack of proper venue pursuant to 28 U.S.C. § 1406(a), and again directed him, should he wish to pursue the claims as alleged in his Complaint, to file a civil action on the Eastern District of California, "as that district appears to be the only proper venue." *See* June 26, 2013 Order (ECF Doc. No. 6) at 2-3.

Plaintiff has since filed a "Motion to Vacate the Judgment" in which he claims an "error of fact existed before the judgment was rendered." (ECF Doc. No. 11 at 1.) Plaintiff asks the Court to reconsider its June 26, 2013 Order and construe his pleadings liberally pursuant to FED.R.CIV.P. 59 and 60(b). He argues reconsideration is appropriate because "there are genuine issues of material fact" as to "whether the district court applied the relevant substantive law." (*Id.* at 7, 12.)

## II. PLAINTIFF'S MOTION TO VACATE

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, the Court may reconsider matters previously decided under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that a ruling may be re-considered under Rule 59(e) motion where it involves "'matters properly encompassed in a [previous] decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Reconsideration is generally appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

As noted above, the Court's June 26, 2013 Order simply denied Plaintiff's Motion to Proceed IFP as moot and reiterated that his case remained dismissed without prejudice to refiling in the proper venue (ECF Doc. No. 6). Because Plaintiff's Complaint was filed in the wrong judicial district, this Court never considered the validity of Plaintiff's claims, nor did it have any opportunity to determine whether genuine issues of material

fact might eventually exist necessitating a trial.  In fact, its decision was based merely on a very preliminary procedural question, and except for the venue statute itself, the Court had no occasion to apply any relevant substantive law, let alone misapply it, as Plaintiff's Motion contends.

Accordingly, the Court finds that Plaintiff's request for reconsideration provides no newly discovered evidence, fails to show clear error, demonstrates no manifestly unjust decision, and does not identify any intervening change in controlling law which would demand reconsideration of the Court's June 26, 2013 Order.  *School Dist. No. 1J,* 5 F.3d at 1263.

### III. CONCLUSION

Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Vacate (ECF Doc. No. 11).  This action remains dismissed without prejudice for lack of proper venue pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED**.

DATED:  October 18, 2013

Honorable Janis L. Sammartino
United States District Judge